IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENYA JOHNSON,

    Plaintiff,

vs.

ITS FINANCIAL LLC, *et al.*,

    Defendants.

Case No. 3:13-cv-192

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY DENYING DEFENDANTS' MOTION TO STRIKE THE SECOND AMENDED COMPLAINT (DOC. 77)**

---

This civil consent case is before the Court on Defendants' motion to strike the second amended complaint. Doc. 77. Plaintiff filed a memorandum in opposition to Defendants' motion. Doc. 78. Defendants did not file a reply memorandum, and the time for doing so has expired. The Court has carefully considered the foregoing documents, and Defendants' motion to strike is now ripe for decision.

**I.**

This civil case was originally filed by Plaintiffs Lia K. Smith-Hutchinson, Phyllis Laney, and Chelsea Cochran against thirteen Defendants[1] for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Doc. 26. Those Plaintiffs sought to certify a class of:

---

[1] The thirteen Defendants are ITS Financial, LLC ("ITS"); TCA Financial, LLC ("TCA Financial"); TCA Capital, LLC ("TCA Capital"); Tax Tree, LLC ("Tax Tree"); Fesum Ogbazion; James B. Mowery; Pete Samborsky; Kyle Wade; Joseph Roda; Brook Wise; Gregory J. Woryk; Bill San Giacomo; and Kevin L. Harwood. Doc. 26 at PageID 509-12.

> All persons who had an individual or joint federal income tax return(s) prepared at any Instant Tax Service location owned and/or operated and/or franchised by any of the Defendants in the United States of America and who had such tax return(s) filed by any of the Defendants or their representatives/franchisees with the Internal Revenue Service during the five (5) year period immediately prior to January 1, 2013.

Doc. 26 at PageID 555; *see also* doc. 54 at PageID 1134.

The original Plaintiffs alleged that Defendants engaged in a scheme involving the filing of fraudulent tax returns; electronically reporting fictitious income; fraudulently maximizing the Earned Income Tax Credits ("EITC"); filing federal income tax returns without the taxpayer's consent; omitting sources of reportable income on tax returns; charging excessive fees for tax preparation; and engaging in fraudulent refund anticipation loans, instant cash loans, instant cash advances, electronic refund checks and personal income tax refund discounting scams.  Doc. 42 at PageID 1025-26.  The original Plaintiffs alleged that Defendants furthered the fraudulent scheme through the use of interstate wires and/or mail by transmitting "false and fraudulent claims . . . from various Instant Tax Service offices throughout the United States to the respective IRS offices[.]"  Doc. 26 at PageID 560.

Defendants moved to dismiss arguing that the first amended complaint failed to allege fraud with sufficient particularity and failed to allege injury "by reason of" such fraud.  Doc. 29 at PageID 912.  The original Plaintiffs moved to certify a class (doc. 54), a motion Defendants opposed (docs. 60, 61).  The Court ultimately granted Defendants' motion to dismiss (doc. 29) because the original Plaintiffs set forth no factual allegations: (1) particularly describing the false statements purportedly causing their injury; or (2) that they suffered injury by reason of

Defendants' purported history of filing fraudulent returns.  Doc. 75 at PageID 1287-90.[2]  The Court did, however, stay dismissal for 30 days and granted Plaintiffs leave to file a second amended pleading.  *Id*. at 1291.  The Court also denied Plaintiffs' motion for class certification -- without prejudice to re-filing -- on the basis that the purported class Plaintiffs sought to certify was substantially overbroad.  *Id*. at PageID 1292 n.8.

A second amended complaint was timely filed on October 20, 2014 by new Plaintiff Kenya Johnson against Defendants ITS; TCA Financial; Fesum Ogbazion; Pete Samborsky; and Kyle Wade.  Doc. 76 at PageID 1293.  The original Plaintiffs -- Lia K. Smith-Hutchinson, Phyllis Laney, and Chelsea Cochran -- are no longer listed as Plaintiffs and, therefore, are no longer parties to this action.  *See id*.  Defendants now seek to strike the second amended complaint on the basis that substituting named Plaintiffs exceeded the scope of permission granted in the Court's Decision and Entry dated September 23, 2014 (doc. 75).  Doc. 77 at PageID 1341-42.

**II.**

In moving to strike the second amended complaint, Defendants cite no law in support of the relief requested.  Doc. 77 at PageID 1341-42.  Instead, Defendants argue only that substitution of Plaintiff Kenya Johnson for the original Plaintiffs exceeded the leave to amend granted by the Court.  The Court, however, declines to find that substituting Plaintiffs in the second amended complaint exceeded the scope of leave granted in the September 23, 2014 Decision and Entry, and finds no merit to Defendants' argument in this regard.

---

[2] The Court also granted Plaintiffs' motions to voluntarily dismiss Defendants Joseph Roda, James Mowery, Gregory Woryk, Brook Wise, Bill Sangiacomo and Kevin Harwood and dismissed claims against those previously named Defendants with prejudice pursuant to Fed. R. Civ. P. 21.

As for the procedural propriety of substitution of a named Plaintiff in a proposed class action case, an argument not advanced by Defendants in their motion, the undersigned simply notes that Courts have concluded that, even before certification of an alleged class, "[u]nless jurisdiction never attached . . . or the attempt to substitute comes long after the claims of the named plaintiffs were dismissed . . . substitution for the named plaintiffs is allowed." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 310 n.1 (1976)) (further citations omitted).  Here, the substitution of Plaintiff Johnson in place and instead of the original Plaintiffs occurred within the leave time granted for filing a second amended complaint after finding dismissal of the first amended complaint warranted.

### III.

Accordingly, based on all of the foregoing, Defendants' motion to strike (doc. 77) is **DENIED**.

**IT IS SO ORDERED.**


Date:   December 19, 2014                                      *s/ Michael J. Newman*
                                                               Michael J. Newman
                                                               United States Magistrate Judge

4